Filed 7/9/25  P. v. Simonian CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B335931, B341724 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA058829) |
| v. | |
| DANIEL SIMONIAN, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed and remanded with directions.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––––––––

**MEMORANDUM OPINION**[1]

In 2005, a jury found Daniel Simonian guilty of two counts of carjacking (Pen. Code, § 215, subd. (a); counts 1 & 3)[2] and two counts of robbery (§ 211; counts 2 & 4). In a bifurcated proceeding, the trial court found true several alleged enhancements, including that Simonian had served two prior prison commitments within the meaning of section 667.5, former subdivision (b), and suffered two prior serious felony convictions within the meaning of section 667, subdivision (a)(1).

The trial court sentenced Simonian to a total term of 80 years to life. As relevant to this appeal, on count 1, the court imposed a sentence of 43 years to life, which included one year for one of his section 667.5, former subdivision (b) priors. In a previous direct appeal, a panel of this court stayed the sentences on counts 2 and 4 pursuant to section 654 and otherwise affirmed the judgment. There was no change in the length of Simonian's sentence. (*People v. Simonian* (Apr. 14, 2006, B185014) [nonpub. opn.].)

In 2022, section 1172.75 became effective. Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior

––––––––––––––––––––

[1] We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2] All further statutory references are to the Penal Code.

conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The statute sets forth procedures for the identification of persons serving sentences that include now-invalid section 667.5, subdivision (b) enhancements, and for the recall of such sentences and resentencing.

The California Department of Corrections and Rehabilitation identified Simonian as an inmate serving a prison term for a judgment that included a section 667.5, subdivision (b) prior prison term enhancement and notified the trial court. However, in January 2023, the trial court concluded Simonian was not eligible for resentencing. The trial court appeared to determine that the section 667.5, subdivision (b) enhancement was stayed and, as a result, "since no time was 'imposed' for the [section] 667.5[, subdivision] (b) prior in this case, there is no need for this court to take remedial action." Simonian subsequently requested a full section 1172.75 resentencing and asked the court to appoint counsel. The trial court denied the motion. Simonian timely appealed.[3]

The parties agree that the trial court erred in this case by overlooking that the current judgment contains an imposed and executed—not stayed—one-year sentence for Simonian's section 667.5, subdivision (b), prison prior enhancement. Indeed, the record clearly indicates that the one-year sentence for Simonian's section 667.5, subdivision (b), prison prior was imposed and executed, not stayed. We agree with the parties

---

[3] In October 2024, Simonian requested relief from his failure to timely appeal the trial court's January 2023 ruling. In November 2024, we granted his application for relief. In December 2024, we consolidated the appeals from both denials.

that the matter must be remanded for resentencing pursuant to section 1172.75.[4]

On appeal, Simonian additionally requests that this court order the trial court to correct an error in the abstract of judgment. As we are remanding this matter for a full resentencing, the issue may be raised in the trial court in the first instance.

---

[4] Because the section 667.5, subdivision (b), enhancement was imposed and executed, not stayed, we need not address Simonian's argument that a full resentencing is appropriate on remand regardless of whether the enhancement was stayed or executed. In any event, while this appeal was pending, the California Supreme Court resolved this question in *People v. Rhodius* (June 26, 2025, S283169) ___ Cal.5th ___ [2025 WL 1763117, at p. *1] [holding that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed"].)

## DISPOSITION

The orders are reversed and the matter is remanded to the trial court for resentencing in accordance with section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.